UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-CV-00141-FDW

| | |
|---|---|
| DONNA LEA BOSTIC, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Claimant Donna Lea Bostic's Motion for Summary Judgment and Memorandum in Support, (Doc. No. 15); Defendant Acting Commissioner of the Social Security Administration's ("Commissioner") Motion for Summary Judgment, (Doc. No. 19); and Claimant's Response to Defendant's Motion for Summary Judgment, (Doc. No. 20). Claimant, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Security Income under title XVI of the Social Security Act.

This matter has been fully briefed (Docs. No. 15, 19, 20), and is now ripe for review. Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below and pursuant to sentence four of 42 U.S.C. § 405(g), this case is REMANDED for further administrative proceedings.

**I. BACKGROUND**

On February 6, 2020, Claimant filed an application for Supplemental Security Income alleging disability beginning January 23, 2020. (Tr. 92.) After her application was denied initially and upon reconsideration, Claimant requested a hearing by an Administrative Law Judge ("ALJ").

1

The ALJ held a hearing on October 26, 2021, finding Claimant not disabled under the Social Security Act. (Tr. 94–106.)

During the five-step, sequential evaluation process for determining whether an individual is disabled under the Social Security Act, the ALJ found at step one that Claimant has not engaged in substantial gainful activity since February 6, 2020. (Tr. 94.) At step two, the ALJ found Claimant to have the following severe impairments: "degenerative disc disease, fibromyalgia, depression, anxiety, [and] personality disorder." Id. Under step three, the ALJ determined none of Claimant's impairments, nor any combination thereof, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 96–98.) The ALJ determined Claimant had the following Residual Functional Capacity ("RFC") at step four:

> [C]apacity to perform light work as defined in 20 CFR 416.967(b) with the following additional limitations: occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; need the ability to alternate between sitting and standing every half hour while remaining on task (no more than 2-3 minutes per hour off task for the brief position change); occasional balancing, stooping, kneeling, and crouching; no crawling; avoid more than occasional temperature extremes, wetness, and vibrations; no exposure to hazards such as unprotected heights or open machinery; no driving or operation of heavy machinery; unskilled work of a routine repetitive nature (reasoning level 1-2); non production pace (non automated/conveyor belt pacing); infrequent changes in the work setting; occasional contact with the public, supervisors, and coworkers but the work should not require teamwork or tandem work for task completion.

(Tr. 98.) The ALJ determined the demands of Claimant's past relevant work exceeded her RFC as outlined in 20 C.F.R. § 416.965. (Tr. 104.)

In evaluating step five, the ALJ asked the vocational expert ("VE") whether jobs exist in the national economy for an individual with Claimant's age, education, work experience, and RFC. (Tr. 105.) The VE testified, given all of those factors, Claimant "would be able to perform the requirements of representative light, SCP 1 and 2 occupations such as collator operator (44,100

jobs in the national economy); hand bander (4,000 jobs in the national economy); and microfilm mounter (17,000 jobs in the national economy)." Id. Thus, the ALJ concluded Claimant was not disabled as defined by the Social Security Act since February 6, 2020, the date the application was filed. Id. Claimant's subsequent request for review by the Appeals Council was denied, and as a result, the ALJ's decision became the final decision of the Commissioner. Claimant has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curium) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "evidence [that is] more than a scintilla and . . . do[es] more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the

3

Case 5:22-cv-00141-FDW   Document 21   Filed 02/12/24   Page 3 of 11

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence[.]"). The Fourth Circuit has long emphasized that a reviewing court does not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The ALJ, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe

v. Colvin, 826 F.2d 176, 179–80 (4th Cir. 2016); Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015).

When a claimant fails to demonstrate a disability at step three, the ALJ "must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotation marks omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1566, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets that burden as to past work, the ALJ proceeds to step five:

5

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."

Monroe, 826 F.3d 176, 180 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429).

If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

Claimant first argues the ALJ failed to properly evaluate the opinions of the State Agency's psychological consultants and, despite finding them persuasive, failed to include all the limitations described therein in her RFC or explain why they were excluded.

In assessing a claimant's RFC, the ALJ must "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." Shinaberry v. Saul, 952 F.3d 113, 119 (4th Cir. 2020). The ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. The ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. Said differently, the ALJ must "'build an adequate and logical bridge from the evidence to [the ALJ's] conclusion.'" Shinaberry, 952 F.3rd at 123 (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 269 (4th Cir. 2017)). If the ALJ finds a report only partially or somewhat persuasive, the ALJ need not specifically reject every limitation. Owens v. Kijakazi, No. 22-1273, 2023 WL 2344224, at *3 (4th Cir. Mar. 3,

2023). The primary consideration is whether the "reviewing court can ascertain the basis for the ALJ's findings." Id.

Here, the ALJ considered Claimant's symptoms to the extent they were reasonably accepted as consistent with the objective medical evidence and other evidence. Additionally, the ALJ considered medical opinions and prior medical findings. (Tr. 92.) The ALJ reviewed Claimant's reported symptoms, medical records, opinions, and prior decisions, including a report from the State Agency psychological consultants. This report opined that Claimant was "able to tolerate superficial interactions with public, coworkers and supervisors while completing simple tasks." (Tr. 102.) The ALJ found the State Agency psychological consultant's opinions were "persuasive except that the record does not support limitations in concentration, persistence, or maintaining pace, as the claimant's mental status examinations reveal intact attention and concentration." Id.

After finding the State Agency opinions persuasive, the ALJ also found Claimant had the following pertinent RFC related to Claimant's mental impairments: "non production pace . . . infrequent changes in the work setting; occasional contact with the public, supervisors, and coworkers but the work should not require teamwork or tandem work for task completion." Id.

Claimant avers in finding an RFC that is limited to occasional contact, the ALJ inappropriately failed to include a limitation regarding the quality of the contact Claimant could tolerate. Claimant argues further that "it is unclear whether the ALJ ignored this limitation, rejected it for a legally sufficient reason, or simply overlooked it . . . which precludes meaningful judicial review." (Doc. No. 15, p. 6.) Claimant contends the exclusion of a "superficial" contact limitation is not harmless because limiting the quantity of time an individual must interact does not provide for a limitation related to the quality of required interactions, and the "loss of ability to meet [this]

basic work-related activit[y] . . . would justify a finding of disability." SSR 85-15. Claimant notes a district court case in the Fourth Circuit addressing this issue, Dwayne C. v. Kijakazi, No. 2:22-CV-00401, 2023 WL 4572064 (S.D.W. Va. May 12, 2023). In Dwayne C. the court held without full consideration of the State Agency psychological opinion evidence, including both superficial and occasional contact, the RFC assessment did not contain the required narrative discussion that allows for meaningful review. Id. at *11. Substantial persuasive authority also exists where other courts have determined there is a distinction between limitations in the quality (superficial) and quantity (occasional) of contact.[1]

The Commissioner directs this Court to a recent Fourth Circuit opinion, Owens v. Kikjakazi, No. 22-1273, 2023 WL 2344224 (4th Cir. Mar. 3, 2023). In Owens, the ALJ similarly considered the opinions of the State Agency physicians. Those physicians opined that the claimant would be able to have "at least superficial contact with coworkers, and perform work involving simple routine tasks." Id. at *2. The ALJ found the State Agency physician opinions somewhat persuasive. Id. In that case, the ALJ found the claimant had an RFC that included the limitation of "only occasional interaction with coworkers, the general public, and supervisors." Id. The claimant appealed on the basis that the ALJ failed to include, as additional limitations in the RFC assessment, the "superficial[] interaction with coworkers, as opposed to the occasional interaction the ALJ determined she was capable of in the RFC." Id. at *3. The court held the ALJ properly explained the underlying basis for the RFC assessment and included the rationale sufficient to "conduct meaningful judicial review." Id. at *4.

---

[1] See, e.g., Vargas v. Kijakazi, No. CV 20-647, 2021 WL 5300070, at *9 (D.N.M. Nov. 15, 2021); Miller v. Kijakazi, No. CIV-20-218, 2021 WL 4311811, at *4 (E.D. Okla. Sept. 22, 2021); Hewins v. Saul, No. 3:18-CV-3989, 2020 WL 6883439, at *6-7 (D.N.J. Nov. 24, 2020); Greene v. Saul, No. 3:19-CV-00687, 2020 WL 4593331 (N.D. Ind. Aug. 11, 2020); Hurley v. Berryhill, No. 1:17-CV-421, 2018 WL 4214523 (N.D. Ind. Sept. 5, 2018); Midlam v. Berryhill, No. C17-5650, 2018 WL 2932134 (W.D. Wash. June 12, 2018); Midlam v. Berryhill, No. C17-5650, 2018 WL 2932134 (W.D. Wash. June 12, 2018); Mawyer v. Berryhill, No. 2:16-CV-01140, 2019 WL 1246245 (D. Nev. Feb. 28, 2019), report and recommendation adopted, No. 2:16-CV-01140, 2019 WL 1244691 (D. Nev. Mar. 18, 2019).

Owens is distinct from the instant case. In Owens, the ALJ found the State Agency physicians' opinions only "somewhat persuasive." Id. at *2. In this case, the ALJ found the opinions of the State Agency psychological consultants persuasive with the only exception that the record did not support limitations in concentration, persistence, or maintain pace and the ALJ did not provide an explanation for why superficial interactions were not included in the RFC. (Tr. 102.)

The Court concludes the ALJ's decision is not supported by substantial evidence. The ALJ considered factors relevant to Claimant's symptoms under 20 C.F.R. 416.929(c)(3), including her daily activities, medication used to alleviate pain or other symptoms, and treatment other than medication to relieve pain and other symptoms. (Tr. 99, 101, 103.) However, the ALJ failed to include "'an adequate and logical bridge from the evidence to [the ALJ's] conclusion.'" Shinaberry, 952 F.3d at 123 (quotations omitted). Because this Court is left to guess how the ALJ arrived at the conclusion to exclude a limitation regarding superficial interactions, the ALJ's decision as written is insufficient to "conduct meaningful judicial review." Owens, 2023 WL 2344224, at *3; see also Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) ("'Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'") (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). Because the ALJ omitted the State Agency psychological consultants' opinion that Claimant could tolerate superficial interactions with public, coworkers, and supervisors, and failed to include and explanation explaining the omission after finding the opinions persuasive, the ALJ's analysis is not supported by substantial evidence.

The Commissioner contends the ALJ did include a limitation related to the quality of contact and Claimant overlooked the fact that "no teamwork or tandem work for task completion" does relate to the quality of contact. If, in fact, it was the ALJ's intention to include the quality of contact in the finding of "no teamwork," there is nothing in the decision to indicate that the superficial quality of contact was evaluated by this provision.

Because the Court has already determined the ALJ's opinion contains too little explanation to allow meaningful review, the Court declines to resolve Claimant's second assignment of error. On remand, the ALJ can take into consideration Claimant's remaining allegation of error and reconsider, if appropriate, the "total limiting effects" of Plaintiff's subjective complaints.

## IV. CONCLUSION

The Court explicitly notes, in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Claimant's application for Supplemental Security Income. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, the decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). The Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624–25 (1990)).

**IT IS THEREFORE ORDERED** that Claimant's Motion for Summary Judgment, (Doc. No. 15), is GRANTED; the Commissioner's Motion for Summary Judgment, (Doc. No. 19), is

DENIED; and the ALJ's determination is REMANDED to the Commissioner for further proceedings consistent with this ORDER.

    **IT IS SO ORDERED.**

Signed: February 12, 2024

Frank D. Whitney
United States District Judge